IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

KEITH BRADLEY,

    Plaintiff,

v.

WAL-MART ASSOCIATES, INC.,

    Defendant.

CIVIL ACTION FILE NO.

2:24-CV-00027-SCJ

ORDER

This matter appears before the Court on a Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted under Federal Rule of Civil Procedure 12(b)(6) filed by Defendant. Doc. No. [12]. Plaintiff has filed a response in opposition (Doc. No. [13]), and Defendant has filed a reply brief (Doc. No [14]).

Under Rule 12(b)(6), a complaint may be dismissed only where the alleged facts fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim even if it is "improbable" that a plaintiff can prove those facts, and even if the possibility of recovery is extremely "remote and unlikely."

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the Court accepts as true all well-pleaded facts, and "the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co., 40 F.4th 1295, 1302 (11th Cir. 2022) (quoting Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999)). Under notice pleading, which is generally the minimum requirement for a valid complaint, Plaintiff need only give Defendant fair notice of his claim and the grounds it rests upon. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555). Plaintiff need not plead specific facts to provide Defendant with adequate notice, as a short and plain statement can allege enough facts to state a claim to relief that is plausible on its face. See Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. at 570). However, the Court is not required to accept as true legal conclusions framed to be factual allegations. See Iqbal, 556 U.S. at 678 (2009).

Plaintiff's First Amended Complaint brings a claim under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., for recovery of overtime wages. Doc. No. [11], ¶ 1. Defendant is alleged to be Plaintiff's former employer. Id. ¶¶ 2, 8–9. In support of its Motion to Dismiss, Defendant argues that Plaintiff has

failed to plead facts specific enough to make his statement "plausible on its face." Doc. No. [12-1], 7. Defendant also asserts that Plaintiff's First Amended Complaint fails to provide proper notice of Plaintiff's specific claim for overtime pay. Id. In response, Plaintiff asserts that Defendant has ignored the relaxed pleading standard that the Eleventh Circuit has applied to FLSA claims. Doc. No. [13]. After review, the Court agrees with Plaintiff.

The Eleventh Circuit has held that "[u]nlike the complex antitrust scheme at issue in Twombly that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." Sec'y of Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008); see also Wooldridge v. Gateway Transp. of Ga., Inc., No. 4:19-CV-00053-HLM-WEJ, 2019 WL 2610904, at *4 (N.D. Ga. June 24, 2019), adopted by Wooldridge v. Gateway Transp. of Ga., Inc., No. 4:19-CV-00053-HLM-WEJ, 2019 WL 5549274 (N.D. Ga. July 12, 2019) ("Contrary to [defendant's] arguments, detailed pleading is not the norm in the context of an FLSA claim.").

An employee must demonstrate four elements to establish a *prima facie* FLSA case. See Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008) (citing 29 U.S.C. § 207(a)). These elements include: (1) an employment

relationship, (2) that the employer is an enterprise engaged in interstate commerce, (3) that the employee worked more than forty hours in a work week, and (4) the employer did not pay any overtime wages to the employee. Id.

In reviewing Plaintiff's Amended Complaint under this line of authority, the Court finds that Plaintiff has alleged an employment relationship between himself and Defendant, as Plaintiff alleges that Defendant employed him from February 2, 2019, to August 27, 2022. Doc. No. [11], ¶ 9. The Court further finds that the Complaint adequately alleges that Defendant is an enterprise covered by the FLSA (as defined by 29 U.S.C. § 203(r) and (s), which pertains to an enterprise engaged in commerce). Doc. No. [11], ¶¶ 17–18.

As to the remaining factors set forth above, Plaintiff adequately alleges that he worked more than a forty-hour work week on multiple occasions, for which Defendant did not pay him overtime. Defendant argues that the phrase "over 40 hours during *many* [or most] workweeks" is not specific enough to provide adequate notice. Doc. No. [12-1], 7. Defendant cites Campbell v. High Tech Rail & Fence, LLC, No. 3:18-cv-00004-TCB, 2018 WL 11440993 at *2 (N.D. Ga. May 17, 2018), which states "Plaintiffs have not shown that in a given workweek—that is, in a discreet work period as opposed to a large span of time containing numerous

workweeks—they were not paid overtime." Doc. No. [12-1], 9. However, unlike the plaintiffs in Campbell, Plaintiff provided Defendant with four specific examples of discreet workweeks when he allegedly worked a specific number of hours over 40, enough specificity to provide Defendant with adequate notice. Doc. No. [11], ¶¶ 12, 34. Specifically, the First Amended Complaint alleges:

> Plaintiff worked 50 hours without overtime compensation during the work week of March 28, 2022 to April 1, 2022, and January 14, 2022 to January 17, 2022, Plaintiff worked 56 hours in a single workweek without receiving overtime compensation.
>
> . . .
>
> [D]uring the work week of March 6, 2022 to March 12, 2022 Plaintiff worked 56 hours for which Plaintiff was not paid overtime wages. And during the week of January 29, 2022 to January 31, 2022, Plaintiff worked 42 hours in a single workweek for which Plaintiff was not paid overtime wages.

Id.

Defendant argues that, for Plaintiff to provide it with adequate notice, Plaintiff must provide the total number of alleged overtime hours and describe his job duties. However, as established by Obertein v. Assured & Assocs. Pers. Care of Ga., No. 1:14-CV-00490-AT, 2015 WL 13546465 at *2 (N.D. Ga. Feb. 23, 2015), such an extensive, detailed pleading is not the norm in the context of an FLSA claim, as it is the employer's burden to accurately report, record, and

5

preserve records of hours worked by its employees. Therefore, Plaintiff may use discovery to seek the detailed time logs necessary for him to prove the precise dates and total number of hours he worked. Furthermore, although not required to make a FLSA claim, Plaintiff provides Defendant with a description of his work by describing his performance of "manual tasks including trailers audits [sic], preparing damaged freight pallets and unloading trailers." Doc. No. [11], ¶ 41. As an employer, Defendant has an obligation to fully understand its employees' responsibilities like its duty to report, record, and preserve records of its employees' hours. Unlike the plaintiffs in Hanson v. Harris Teeter, LLC, 2:16-CV-00054, 2016 WL 6836936 at *2 (S.D. Ga. Nov. 18, 2016), Plaintiff provides specific date ranges when he worked overtime and facts indicating his work's nature. On the whole, the Court finds that the First Amended Complaint alleges enough facts to state a claim for relief that is plausible on its face and thus is sufficiently pled.

## CONCLUSION

After review, the Motion to Dismiss for Failure a Claim (Doc. No. [12]), filed by Defendant is **DENIED**. Defendant shall file its answer no later than **FOURTEEN (14) DAYS** after entry of this Order in accordance with the applicable Federal Rule of Civil Procedure 12(a)(4). The Parties have failed to timely file their Joint Preliminary Report and Discovery Plan as required by Local Rule 16.2. The Parties are hereby **ORDERED** to file their Joint Preliminary Report and Discovery Plan no later than **THIRTY (30) DAYS** after entry of this Order.

IT IS SO ORDERED this 19th day of September, 2024.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE